1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JOE RUDY REYES,                          1:10-cv-00637 MJS (HC)

10                      Petitioner,          ORDER DISMISSING PETITION FOR
                                             WRIT OF HABEAS CORPUS FOR FAILING
11          v.                               TO STATE COGNIZABLE CLAIM

12                                           [Doc. 1]
     R. LOPEZ, Warden,
13
                        Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas
17   corpus under the authority of  28 U.S.C. § 2254.   Pursuant to 28 U.S.C. § 636(c)(1), the
     parties have consented to the jurisdiction of the United States Magistrate Judge.  Local
18   Rule 305(b).
19
            Petitioner filed the instant petition for writ of habeas corpus on April 12, 2010 (Pet.,
20   ECF No. 1.)  In it he seeks relief based on allegations that he was improperly denied
21   written material considered sexually explicit by the California Department of Corrections.
22   (P. & A. 1, ECF No. 1 at 7.)
23   **I.**    **DISCUSSION**
24          **A.**    **Procedural Grounds for Summary Dismissal**
25          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:
26                  If it plainly appears from the petition and any attached exhibits that the
27          petitioner is not entitled to relief in the district court, the judge must dismiss
            the petition and direct the clerk to notify the petitioner.
28

1     The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a
2  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the
3  respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition
4  for habeas corpus should not be dismissed without leave to amend unless it appears that
5  no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440
6  F.2d 13, 14 (9th Cir. 1971).

7          **B.    <u>Failure to State Cognizable Claim</u>**

8     The instant petition must be dismissed because it does not challenge the fact or
9  duration of Petitioner's confinement.  A federal court may only grant a petition for writ of
10 habeas corpus if the petitioner can show that "he is in custody in violation of the
11 Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method
12 for a prisoner to challenge the "legality or duration" of his confinement.  <u>Badea v. Cox</u>, 931
13 F.2d 573, 574 (9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973);
14 Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

15    In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method
16 for a prisoner to challenge the conditions of that confinement.   <u>McCarthy v. Bronson</u>, 500
17 U.S. 136, 141-42 (1991);  <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory
18 Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  "Habeas
19 jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison
20 condition will not necessarily shorten the prisoner's sentence." <u>Ramirez v. Galaza</u>, 334
21 F.3d 850, 859 (9th Cir. 2003).

22    Petitioner's claims do not implicate the fact or duration of his confinement. They
23 seek redress from a decision of California Department of Corrections to deny him access
24 to material found to be sexually explicit. (Pet.) Petitioner explicitly states that he "does not
25 challenge his conviction or sentence." (<u>Id.</u> at  1.)  Petitioner's claims are not cognizable
26 grounds for federal habeas corpus relief and must be dismissed.

27          **C.    Certificate of Appealability**

28    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

1   appeal a district court's denial of his petition, and an appeal is only allowed in certain

2   circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute

3   in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which

4   provides as follows:

5           (a) In a habeas corpus proceeding or a proceeding under section
        2255 before a  district judge, the final order shall be subject to review, on
6       appeal, by the court  of appeals for the circuit in which the proceeding is
        held.

7           (b) There shall be no right of appeal from a final order in a
8       proceeding to test the validity of a warrant to remove to another district or
        place for commitment or trial a person charged with a criminal offense
9       against the United States, or to test the validity of such person's detention
        pending removal proceedings.

10          (c)     (1) Unless a circuit justice or judge issues a certificate of
11              appealability, an appeal may not be taken to the court of
                appeals from–
12
                    (A) the final order in a habeas corpus proceeding in
13                  which the detention complained of arises out of process
                    issued by a State court; or
14
                    (B) the final order in a proceeding under section 2255.
15
                (2) A certificate of appealability may issue under paragraph
16              (1) only if the applicant has made a substantial showing of the
                denial of a constitutional right.
17
                (3) The certificate of appealability under paragraph (1) shall
18              indicate which specific issue or issues satisfy the showing
                required by paragraph (2).
19

20      If a court denies a petitioner's petition, the court may only issue a certificate of

21  appealability "if jurists of reason could disagree with the district court's resolution of his

22  constitutional claims or that jurists could conclude the issues presented are adequate to

23  deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v.

24  McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the

25  merits of his case, he must demonstrate "something more than the absence of frivolity or

26  the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

27      In the present case, the Court finds that reasonable jurists would not find  debatable

28  or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus

relief, nor would they find him deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    July 21, 2010          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE